**IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DARRELL DERON CRAIG**                                                       **PLAINTIFF**

**v.**                                      **CIVIL ACTION 1:13cv522-MTP**

**SMCI, et al.**                                                      **DEFENDANTS**

## **ORDER**

THIS MATTER comes before the Court on a Motion [23] to Dismiss filed by Defendants. After the careful consideration of the Motion and the applicable law, the Court finds that the Motion to Dismiss should be GRANTED.

### BACKGROUND

Plaintiff Darrell Deron Craig is an inmate currently incarcerated at Walnut Grove Correctional Facility (WGCF") in Walnut Grove, Mississippi, although this lawsuit arises from events which took place while the Plaintiff was a post-conviction detainee at South Mississippi Correctional Institution ("SMCI"). On April 16, 2013, Plaintiff filed his Complaint [1] pursuant to 42 U.S.C. § 1983. The Plaintiff's claims and relief sough were clarified and amended by his sworn testimony at the Spears[1] hearing in this case. Plaintiff alleges that he was issued a rule violation report (RVR) on December 2, 2012 for wearing a Muslim kufi cap. Plaintiff seeks removal of the RVR, arguing that he is a registered Muslim.[2]

Defendants filed their Motion [23] to Dismiss on June 9, 2014. Defendants assert that Defendant Johnnie Denmark, Superintendent of SMCI, reviewed the matter and on June 5, 2014

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2]*See* Omnibus Order [20].

expunged the RVR at issue from the Plaintiff's prison record.[3] Defendants assert that because Plaintiff only sought the removal of the RVR, which has now been expunged, the Complaint [1] should be dismissed as moot. On July 30, this Court ordered Plaintiff to respond to the Motion [23] by August 14, 2014.[4] To date, Plaintiff has not responded.

Article III of the United States Constitution provides that "federal courts may only adjudicate actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Plaintiff must have a continuing injury to maintain this suit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Because the RVR at issue has been expunged from Plaintiff's prison record, which was the relief he sought in this case, this case will be dismissed as moot.

IT IS, THEREFORE, ORDERED

1. That Defendants' Motion [23] is GRANTED and this action is hereby dismissed with prejudice.

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

This the 31st day of October, 2014.

s/ Michael T. Parker
United States Magistrate Judge

---

[3]*See* Motion [23]; Revised First Step Response Form [23-1].

[4]*See* Order [25].